UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PERRY JACKSON (#106488)**

**VERSUS**

**PREETY SINGH**

CIVIL ACTION

NO. 16-602-JJB-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 18, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PERRY JACKSON (#106488)**

**VERSUS**

**PREETY SINGH**

**CIVIL ACTION**

**NO. 16-602-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge for any such action which may be appropriate relative to the plaintiff's argument that he is under imminent danger of serious physical injury. *See* R. Doc. 5.

The *pro se* plaintiff, an inmate incarcerated at the Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Preety Singh complaining that his constitutional rights have been violated through deliberate indifference to his serious medical needs. The plaintiff alleges that there is no lining in his right knee cap, causing the bones in his knee to rub against each other. He further alleges that he has sought care from the defendant on numerous occasions and has been provided with medications, a walking cane, a leg brace, and a medical duty status that provides for no prolonged walking or standing, no exercise, no spurts, and no lifting over 15 pounds. The plaintiff further asserts, however, that these treatments have not alleviated his pain. He additionally alleges that x-rays of his right knee cap have been taken, but the plaintiff has not been seen by an orthopedist although he has been told that an appointment has been scheduled. The plaintiff asserts that if knee cap replacement surgery is not performed, he will "be a permanent cripple and possibly confined to a wheelchair" since the pressure placed on his left leg is causing swelling in his left leg and ankle, making it difficult for the plaintiff to walk. *See* R. Doc. 1.

Along with his Complaint, the plaintiff filed a Motion to Proceed *in Forma Pauperis*. *See* R. Doc. 2. The Motion was denied, pursuant to 28 U.S.C. § 1915(g), since the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1] The Court did not find that the allegations of the plaintiff's Complaint fall within the exception to the statute which allows an inmate with "three strikes" to proceed *in forma pauperis* if the inmate is under imminent danger of serious physical injury. *See* R. Doc. 3.

Thereafter, the plaintiff filed a Motion Seeking Reversal (R. Doc. 4), asserting therein that the plaintiff is under imminent danger of serious physical injury because without knee cap replacement surgery, the plaintiff "will eventually be a permanent cripple /or possibly resigned to a wheelchair for the remainder of his life." *See* R. Doc. 4. In accordance with the Order of the District Judge, the Magistrate Judge will again consider the plaintiff's argument that he is under imminent danger of serious physical injury.

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin,* 144 F.3d 883, 884–885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.

---

[1] Cases filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Jackson v. Goines*, No. 3:01-CA-656-JVP (M.D. La., dismissed as frivolous October 22, 2001); *Jackson v. Welborn*, No. 3:00-CA-452-RET (M.D. La., dismissed as frivolous Dec. 14, 2000); *Jackson v. Dep't of Corrections*, No. 96-CA-3286 (E.D. La., dismissed as frivolous Feb 28, 1997), appeal dismissed as frivolous, No. 97-30301, 1997 WL 533555 (5th Cir. Aug. 15, 1997).

*Davis v. Stephens,* No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

Even construing the plaintiff's allegations liberally, the facts relied upon by plaintiff do not establish that he was under imminent danger of serious physical injury when he filed his Complaint. While he does not provide specific dates, it appears from the attachments to his Complaint that the plaintiff had been receiving treatment for his knee at Hunt Correctional Center for several months prior to the filing of his Complaint, and for some period of time prior to his incarceration. *See* R. Doc. 1-1, p. 8 and 13. Thus it appears that the plaintiff's knee injury has existed for, at the very least, several months prior to the filing of his Complaint. The plaintiff does not explain why his pre-existing knee condition suddenly placed the plaintiff under imminent danger of a serious physical injury. Rather, the plaintiff asserts that this pre-existing condition is the serious physical injury for which he should be granted an exception; however, the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.

Furthermore, the plaintiff's allegations of future harm, that he may "eventually be a permanent cripple /or possibly resigned to a wheelchair for the remainder of his life" do not suffice to show *imminent* danger of serious physical injury. Said allegations are speculative at best and are unsupported by the record before the Court. Moreover, the possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'")

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury.  Here, the plaintiff fails to show that his circumstances warrant an exception to be made.  Notably, the instant ruling does not prohibit the plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees.  As such, the Court recommends that the plaintiff be denied pauper status, and be given an additional time to pay the full amount of the Court's filing fee.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff be denied pauper status.  It is further recommend that the plaintiff be granted twenty-one (21) days within which to pay $400.00, the full amount of the Court's filing fee, and that failure to pay the Court's filing fee within 21 days should result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on October 18, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**